UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KURT STAFFLINGER,

    Plaintiff,

v.                                          Case No:   6:15-cv-1564-Orl-40TBS

RTD CONSTRUCTIONS, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc 10).   The time for Plaintiff to respond to the motion has expired and Plaintiff has not filed a response.   Accordingly, the Court may consider the motion to be unopposed. See M.D. FLA. R. 3.01(b).   After due consideration, I respectfully recommend that the motion be **GRANTED** with leave to amend.

## I. Background

Plaintiff, Kurt Stafflinger is suing his former employer, Defendant RTD Constructions, Inc.[1] pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Doc. 1).   He alleges that from September 2012 through July 6, 2014, he was employed by Defendant as a surveyor, earning $55,000 annually (Id., ¶¶ 7, 10-11). In Count I, Plaintiff states "this action is brought pursuant to the employment relationship of the parties in regards to unpaid overtime wages."   (Id., ¶ 9).   He alleges that Defendant "repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular

---

[1] Defendant's motion states that the proper party is RTD Construction, Inc. (Doc. 10, n.1).

rate at which he was employed for hours worked above 40 hours each workweek." (Id., ¶ 12). Plaintiff claims that Defendant's action were willful and not in good faith, and he seeks actual damages, liquidated damages, equitable relief, attorney's fees, and costs pursuant to 20 U.S.C. § 216(b) (Id., ¶¶ 13-15). In Count II, Plaintiff alleges that he worked 16 hours for which he was not paid (Id., ¶ 17). He also contends his final paycheck included an improper deduction of $923.70 for licensing that was required by and for the benefit of Defendant for which Plaintiff seeks reimbursement, along with attorney's fees and costs. (Id., ¶¶ 18-20).

Defendant argues that Plaintiff's complaint fails to state a cause of action (Doc. 10). As to Count I, Defendant contends that Plaintiff failed to plead any specific workweek for which he was not properly compensated for overtime worked (Id. at 2-4). Defendant also argues that Plaintiff has not pled any information about Defendant's business or Plaintiff's responsibilities within that business (Id. at 3.). Defendant seeks dismissal of Count II on the grounds that it fails to allege any common law or statutory authority to support the requested relief (Id. at 6).

## II. Discussion

A. Legal Standard

Defendant has moved to dismiss Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the plaintiff's complaint. La Gresta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). In order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction...; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." FED. R. CIV. P.

8(a). Because Rule 8(a)(2) requires a plaintiff to "show[]" that she is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under Rule 12(b)(6), the plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of any factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

B. Fair Labor Standards Act Claim

Subject to certain exceptions, the FLSA requires employers to pay workers at least the federal hourly minimum wage. 29 U.S.C. § 206. The FLSA also establishes a standard 40-hour work week and requires employers to pay workers 1 ½ times their regular hourly rate for hours worked in excess of 40 during a given week. 29 U.S.C. § 207. The FLSA's civil remedies provision gives a private right of action to workers affected by employers' violation of the FLSA's minimum wage and maximum hour provisions. 29 U.S.C. § 216(b).

To state a claim under the FLSA, a plaintiff must show that (1) he was employed by the defendant; (2) he was engaged in commerce or in the production of goods for commerce, or he was employed by an enterprise engaged in commerce or in the

production of goods for commerce; and (3) the defendant failed to pay him the minimum wage or overtime as required by the FLSA.  See 29 U.S.C. § 206.  "'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b).  An enterprise is "engaged in commerce or in the production of goods for commerce" when it (1) has annual gross volume of sales made or businesses done of at least $500,000 and (2) has employees who engage in commerce; engage in the production of goods for commerce; or handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.  29 U.S.C. § 203(s)(1)(A).

"In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA."  Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011).  Plaintiff has failed to plead any facts to show that while working for Defendant he was "covered" under the FLSA.  In Count I, Plaintiff simply alleges that Plaintiff was a surveyor and that he was paid $55,000 per year.  Plaintiff has not pled that he was engaged in commerce or in the production of goods for commerce, or that Defendant was an enterprise engaged in commerce or in the production of goods for commerce.  Plaintiff has also failed to allege that while he was employed by Defendant, Defendant qualified as an "enterprise."

Plaintiff has not identified a single workweek in which he allegedly worked in excess of 40 hours without being paid correctly for the hours in excess of 40.  But, Plaintiff does allege that Defendant "repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for hours worked above 40 hours each workweek."  (Doc. 1, ¶ 12).  In Secretary of Labor v. Labbe, 319 Fed. App'x

761, 763 (11th Cir. 2008),[2] the Eleventh Circuit denied a motion to dismiss where the complaint alleged that the defendant employer "repeatedly violated stated provisions of the FLSA by failing to pay covered employees minimum hourly wages and to compensate employees who worked in excess of forty hours a week at the appropriate rates." Defendant urges this opinion is not controlling as it is pre-Iqbal, and Defendant cites the Second Circuit's opinion in Lundy v. Catholic Health System of Long Island, Inc., 711 F.3d 106 (2d Cir. 2013), holding that "to survive a motion to dismiss, Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." Id., at 114. The Second Circuit went on to say: "We conclude that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours. See 29 U.S.C. § 207(a)(1) (requiring that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated time and a half for the excess hours). Although not controlling, the Second Circuit's opinion is persuasive, particularly here, where Plaintiff never actually alleges that he ever worked in excess of 40 hours in a workweek while employed by Defendant.

C. Unpaid Wages Claim

In Count II, Plaintiff cites Fla. Stat. § 448.08 as the basis to recover attorney's fees (Doc. 1, ¶ 20). But the statute does not create a cause of action for unpaid wages. It simply provides that: "The court may award to the prevailing party in an action for unpaid

---

[2] The Court notes that Labbe is an unpublished opinion. "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." U.S. Ct. of App. 11th Cir. Rule 36-2.

wages costs of the action and a reasonable attorney's fee." Id. "Under Florida common law, a plaintiff can recover unpaid wages under a breach of contract theory." Alfonso v. Care First Med. Ctr. Inc., 14-22717-CIV, 2015 WL 1000983, at *3 (S.D. Fla. 2015) (citing Coffie v. Dist. Bd. of Trustees, Miami-Dade Comm. College, 739 So.2d 148, 149 (Fla. 3d DCA 1999)); see also Short v. Bryn Alan Studios, Inc., No. 8:08-cv-145-T-30TGW, 2008 WL 2222319 (M.D. Fla. May 28, 2008). While Plaintiff's complaint makes reference to an "employment agreement" (Doc. 1, ¶ 6), the agreement is not attached to the complaint and, with the exception of $55,000 per year, the material terms of the agreement are not alleged. Plaintiff also avers that he worked 16 hours of regular pay for which he was not paid, and that one of his paychecks included an improper deduction of $923.70. These bare bone allegations are insufficient to state a cause of action under Florida law. Even if the Court disagrees, this is a state law claim over which it has no jurisdiction in light of Plaintiff's failure to state a claim under the FLSA.

### III. Recommendation

In view of the deficiencies in the complaint, I respectfully recommend that Defendant's motion to dismiss be **GRANTED** and that Plaintiff be given fourteen (14) days in which to file an amended complaint.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 14, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record