**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KURT STAFFLINGER**

**Plaintiff,**

**v.** **Case No.: 6:15-cv-01564-PGB-TBS**

**RTD CONSTRUCTION, INC.**

**Defendant.**
**_________________________________/**

**AMENDED JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff KURT STAFFLINGER and Defendant RTD CONSTRUCTION, INC. (collectively "the Parties") move the Court to approve the Parties' settlement agreement as it relates to Plaintiff's claims for overtime compensation and unpaid wages brought under the Fair Labor Standards Act ("FLSA") and Florida common law. The Parties have negotiated the terms of the settlement agreement at arm's length and those terms are mutually satisfactory and reasonable. The Court's approval of the settlement agreement[1] and entry of an Order dismissing the case, with prejudice, will consummate the agreement between the Parties.

**DESCRIPTION OF THE ACTION**

1. On September 21, 2015, Plaintiff filed his Complaint with this Court seeking compensation for alleged overtime wage violations made by Defendant under the FLSA. Additionally, Plaintiff raised a breach of contract claim under Florida common law alleging that Defendant had improperly deducted a licensing expense from Plaintiff's wages.

2. Plaintiff's overtime claim alleges that he was misclassified as an exempt employee under the FLSA for his work as a Surveyor/Field Engineer. And Plaintiff's Florida

[1] A copy of the Settlement Agreement is attached as Exhibit "A" to this Motion.

common law claim alleges that Defendant improperly deducted $923.70 from his last paycheck for a surveying license in North Carolina that Plaintiff obtained during his employment with Defendant.

3. The relevant time period for this litigation is in dispute. Plaintiff argued that the three-year statute of limitations is applicable, making the relevant period from September 21, 2012 to September 21, 2015. Defendant maintains that it did not willfully violate the FLSA and therefore a two-year period from September 21, 2013 to September 21, 2015 is appropriate.

4. The Parties have engaged in extensive settlement negotiations, exchanging analysis and documentation to allow both Parties a full understanding of the facts of this case. Both parties considered the risk of further litigation and decided to reach this agreement in compromise of Plaintiff's claims.

## TERMS OF THE SETTLEMENT AGREEMENT

5. The Parties have agreed to settle this action and provide for a release of Plaintiff's FLSA claims as set forth in the Settlement Agreement for a total settlement payment of $12,800, inclusive of Plaintiff's attorney's fees and costs.

6. Plaintiff will receive a total amount of $7,205. $3,602.50 will be for contested claims of unpaid wages and will have all usual taxes and withholdings removed. Another $3,602.50 is in compromise for Plaintiff's contested claim for liquidated damages.

7. Plaintiff's counsel will receive a total amount of $5,595 in attorney's fees and costs. Throughout the negotiations, counsel for Plaintiff and Defendant negotiated the attorney's fee claim separately from Plaintiff's recovery.

## MEMORANDUM OF LAW

Parties are required to seek court approval of a private settlement of a claim for back wages arising under the FLSA. The Eleventh Circuit has held that:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

In determining whether the settlement is fair and reasonable the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. See Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). A strong presumption exists to find a settlement fair and reasonable. See Hamilton v. Frito-Lay, Inc., 2007 WL 219981 at *2 (M.D. Fla. Jan. 26, 2007).

Plaintiff was represented by counsel for the entirety of this litigation and Plaintiff agrees that the amount to be paid to him is fair. Therefore, the Parties represent that no fraud or collusion is present with regards to this settlement.

The complexity, expense, and length of future litigation, and the stage of the proceedings and discovery completed also favor this settlement. The Parties have exchanged relevant

documents pursuant to the Court's Order and have engaged in extensive settlement discussions. The Parties have limited expenses because of the Court's Scheduling Order (Dkt. 19), but continuing the litigation would subject the Parties to a large expense in potentially filing motions for summary judgment and the greatest expense of the litigation process, a trial. At this juncture, the Parties agree that avoiding the large cost associated with proceeding with this litigation is in the best interest of both Parties.

The Parties agree that factors 4 and 5, which look at the likelihood of Plaintiff prevailing at trial and the possible range of recovery, are in dispute. The amount owed in overtime compensation, if any, depends upon the finding of the Court as to whether Plaintiff was an exempt employee under the administrative or professional exemption of the FLSA. If Plaintiff was ruled to be a non-exempt employee, his recovery would depend on the amount of actual overtime that he could establish he worked during his employment.

Plaintiff's claim that the deduction Defendant made for a license Plaintiff obtained is also in dispute and depends upon whether Plaintiff could show that the license was used for the benefit of Defendant.

A total recovery of $3,602.50 plus an additional $3,602.50 in liquidated damages is within the range of potential recovery should the Parties have decided to proceed with trial. Defendant argues that Plaintiff did not work overtime in every workweek and even when Plaintiff did work overtime, he only worked between 3 and 6 hours of overtime in those weeks. Plaintiff claims he worked 10 hours of overtime in each week that he worked. Based on Plaintiff's salary and average regular rate of pay, should Defendant prove its case, Plaintiff would potentially be entitled to as little as $3,000 in damages, inclusive of liquidated damages. If Plaintiff proved his case in its entirety, Defendant could incur as much as $20,000 in damage

liability. Considering the evidence and potential outcomes, counsel for both parties agree that the settlement amount is fair and reasonable. Further, the parties willingness to enter into this settlement is motivated by the recognition that litigation of this case to its ultimate conclusion will be a time-consuming and expensive endeavor and an appreciation that FLSA litigation can lead to unexpected results.

In this case, the Parties reached an agreement and settlement amount that was the result of an arm's-length adversarial negotiations process. The Parties agree that the settlement reached between them represents a fair and reasonable resolution to the Plaintiff's claims for damages brought under the FLSA and Florida common law.

The Parties also advise the Court that the attorneys' fees and costs to be paid by Defendant were expressly evaluated and negotiated independently of the overtime wage and damage amounts underlying Plaintiff's claims. As a result, the compromise for fees and costs under the parties' settlement is not a percentage of Plaintiff's claim and there is no correlation between the amount of Plaintiff's recovery and the amount of attorneys' fees and costs being paid by Defendant. Plaintiff's counsel filed a Complaint and an Amended Complaint, reviewed hundreds of pages of document production from Defendant, met in person for a Rule 26 conference, and engaged in a multitude of correspondence with counsel for Defendant in an attempt to resolve this matter. The Parties agree that the agreement entered into does not contain any inappropriate terms that would reduce the value of the settlement to Plaintiff and that the settlement reached advances judicial economy and should be approved by the Court.

## CONCLUSION

Based on the foregoing, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement as it relates to Plaintiff's FLSA and Florida common law claims and dismiss the case with prejudice.

DATED this 26th day of July, 2016.

/s/ Joseph C. Wood
JOSEPH C. WOOD
Florida Bar No.: 0093839
SADE OYINLOYE
Florida Bar No.: 117878
ARCADIER & ASSOCIATES, P.A.
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Telephone: (321) 953-5998
Facsimile: (321) 953-6075
Email: wood@melbournelegalteam.com
sade@melbournelegalteam.com

Attorneys for Plaintiff

/s/ Erin G. Jackson
ERIN G. JACKSON
Florida Bar No.: 413097
CHRISTOPHER C. JOHNSON
Florida Bar No.: 0105262
THOMPSON, SIZEMORE, GONZALEZ & HEARING, P.A.
201 N. Franklin St., Suite 1600
Tampa, Florida 33602
Telephone: (813) 273-0050
Facsimile: (813) 273-0072
Email: ejackson@tsghlaw.com
cjohnson@tsghlaw.com

Attorneys for Defendant