UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KURT STAFFLINGER,

      Plaintiff,

v.                                     Case No:   6:15-cv-1564-Orl-40TBS

RTD CONSTRUCTIONS, INC.,

      Defendant.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Amended Joint Motion to Approve Settlement Agreement (Doc. 29). The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. claim. Upon due consideration I respectfully recommend that the motion be **granted.**

### Background

On September 21, 2015, Plaintiff Kurt Stafflinger sued his former employer, Defendant RTD Constructions, Inc. for unpaid overtime wages, pursuant to the FLSA, 29 U.S.C. § 201 *et seq* (Doc. 1). Defendant is a "general contractor specializing in water and wastewater treatment plants and underground utility construction" (Doc. 15, ¶ 11). Plaintiff worked for Defendants as a Surveyor/Field Engineer from September, 2012 through July 6, 2014 (Id. at ¶ 12). He claims that he worked in excess of forty hours per week throughout his employment (Id. at ¶¶ 12, 17). Plaintiff alleges that Defendant willfully failed to pay him for all hours worked (Id. at ¶¶ 21-22). He has also sued under a breach of contract theory claiming that Defendant improperly deducted the costs of maintaining his professional licenses in North Carolina and Alabama, despite agreeing to pay the fees

associated with licensing and continuing education (Id. at ¶¶ 27-36). Defendant denies Plaintiff's allegations (Doc. 17). On June 17, 2016, the parties advised the Court that they had reached an agreement to resolve their dispute (Doc. 25). On July 8, 2016, the parties submitted their original settlement agreement to the Court for review (Doc. 27). On July 13, 2016, I entered a report to the district judge in which I recommended that the parties' motion be denied without prejudice (Doc. 28).

In the report and recommendation, I identified several provisions in the agreement that precluded district court's approval (Id. at 3-7). Specifically, I noted that the general release was unreasonably overbroad and was made without the exchange of valuable consideration; confidentiality clauses are uniformly rejected in this Circuit; the non-disparagement clause placed an improper prior restraint on Plaintiff' ability to speak freely about the case; and the record lacked the requisite evidence for the Court to evaluate the fairness of the no-rehire clause (Id.). The parties amended their motion (Doc. 29). On August 4, 2016, the district judge denied the original motion as moot (Doc. 30) and referred the amended motion to me for a new report and recommendation.

Legal Standard

In the Eleventh Circuit, an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food, 679 F.2d at 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food, 679 F.2d at 1353.

To approve the settlement, the district court must scrutinize the parties' settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010) and Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010).

### Discussion

The parties have cured all of the defects identified in my previous report and recommendation and now, the revised settlement agreement reflects a fair compromise of Plaintiff's FLSA claim.

### A.   Settlement Sum

Defendants have agreed to pay and Plaintiff has agreed to accept a total of $7,205 in settlement of Plaintiff's claims. The money will be disbursed as follows: $3,602.50 representing unpaid wages and $3,602.50 representing liquidated damages (Doc. 29 at 2, ¶ 6; Doc. 29-1 at 2). The parties have agreed that a separate payment of $5,595 will be made by Defendants to Plaintiff's attorney for fees and costs (Id.). In his answers to the Court's interrogatories, Plaintiff said he believed he was entitled to $30,937.50 in damages (Doc. 20 at 3). Before agreeing to settle, the parties determined that every aspect of Plaintiff's claim is in dispute, including the relevant time period and whether the three-year statute of limitations applies, which has prompted them to conclude that each

of their interests would be better served through early resolution than protracted, expensive, and uncertain litigation (Doc. 29 at 2-5).

Like most settlements, this one is driven by the facts and the parties are much better informed than the Court is about the facts. No badges of fraud or overreaching are apparent and the parties are represented by experienced attorneys. Therefore, I see no reason to question the parties' judgment and respectfully recommend that the district judge find that the settlement amounts are reasonable.

### B. Release

General releases in FLSA cases are frequently viewed as "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." Id. at 1352.

The parties' settlement agreement includes a release that is sufficiently narrow to withstand judicial scrutiny. Unlike Moreno, the settlement agreement does not require Plaintiff to release unknown claims that are unrelated to his wage and hour claim; instead, the release is limited to claims brought by plaintiff in connection with "the case currently pending in the United States District Court for the Middle District of Florida under Case No. 6:15-cv-1564-PGB-TBS" (Doc. 29-1 at 1). Accordingly, I respectfully recommend that the Court find the release provision to be limited in scope and the agreement to be fair and reasonable.

### C.  Attorney's Fees

The parties represent that the $5,595 in attorney's fees to be paid to Plaintiff's counsel was negotiated separately from his recovery, without regard to the amount of the settlement sum (Doc. 29 at 2, 5). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his counsel. See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### Recommendation

For these reasons, I respectfully recommend that the district judge **GRANT** the parties' Amended Joint Motion to Approve Settlement Agreement (Doc. 29).

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on August 16, 2016.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

Presiding United States District Court
Counsel of Record